UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:12-00055 |
| | ) | JUDGE CAMPBELL |
| JAMES BENJAMIN LEE | ) | |

ORDER

Pending before the Court are the following Motions: James Benjamin Lee's Motion And Incorporated Memorandum Of Law In Support Of His Motion To Dismiss Indictment (Docket No. 27); James Benjamin Lee's Motion And Incorporated Memorandum Of Law In Support Of His Motion For A Bill Of Particulars (Docket No. 28); James Benjamin Lee's Motion *In Limine* To Exclude Statements (Docket No. 29); James Benjamin Lee's Motion *In Limine* To Exclude Evidence Of Police Beatings At The Humphreys County Jail (Docket No. 32); James Benjamin Lee's Motion And Incorporated Memorandum In Support Of His Motion For Opening Statements To Be Made To The Entire Venire Of Prospective Jurors Before Voir Dire (Docket No. 33); and James Benjamin Lee's Motion And Incorporated Memorandum Of Law In Support Of His Motion To Sever (Docket No. 34). The Government has filed Responses to the Motions (Docket Nos. 41-46).

Through his Motion To Dismiss Indictment (Docket No. 27), Defendant Lee contends that the Indictment (Docket No. 1) is defective for failing to allege the location of the alleged offense. The Government argues that the language of the Indictment is sufficient, and is not required to designate the particular location of the offense.

Rule 7(c) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense

charged." The courts have held that an indictment is sufficient if it: (1) contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend; and (2) enables the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. See, e.g., Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); United States v. Coss, 677 F.3d 278, 287-88 (6th Cir. 2012). "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Coss, at 288 (quoting United States v. Heller, 579 F.2d 990, 999 (6th Cir. 1978)).

The Indictment in this case charges the Defendant with a violation of 18 U.S.C. § 242. In order to convict a defendant of a felony offense under Section 242, the Government must prove the following elements beyond a reasonable doubt: the defendant acted (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States, and (4) the person suffered bodily injury as a result. United States v. Wilson, 344 Fed. Appx. 134, 141 (quoting United States v. Lanier, 520 U.S. 259, 264, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997)).

The one-count Indictment alleges as follows:

> On or about January 23, 2011, in the Middle District of Tennessee, defendants, TIMOTHY WAYNE HEDGE AND JAMES BENJAMIN LEE then employed as sheriff's deputies at the Humphreys County Sheriff's Office and while acting under color of law, aided and abetted by each other, did willfully strike, kick and otherwise assault Darrin Ring with a collapsible (A.S.P.) baton and a shod foot, resulting in bodily injury to Darrin Ring, and thereby did willfully deprive Darrin Ring of the right secured and protected by the Constitution and laws of the United States to be secure in his person against unreasonable seizures, which includes the right to be free from the use of unreasonable force by one acting under color of law.

In violation of Title 18, United States Code, Sections 242 and 2.

(Docket No. 1).

The Court concludes that the language of the Indictment sufficiently alleges a violation of Section 242. The Defendant does not cite any authority for his contention that the specific location where the offense occurred is required to be alleged in the Indictment. The Court notes that the Indictment does allege that the offense occurred in the Middle District of Tennessee, and the Defendant is not asserting a challenge based on improper venue. Accordingly, the Motion To Dismiss Indictment (Docket No. 27) is DENIED.

Defendant Lee's Motion For A Bill Of Particulars (Docket No. 28) requests information detailing which assault or assaults alleged in the Indictment he is alleged to have committed. In its Response (Docket No. 42), the Government argues that it has provided the defense with ample discovery, including a videotape of the crime, which informs the Defendant of the assaults for which he is charged.

The Sixth Circuit has held that the function of a bill of particulars is to "minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004). A bill of particulars is not to be used, however, "as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." United States v. Crayton, 357 F.3d at 568. Full disclosure of the requested information by the Government through discovery, however, may obviate the need for a bill of particulars. United States v. Phibbs, 999 F.2d 1053, 1086 (6th Cir. 1993); United States v. Martin, 822 F.2d 1089, 1987 WL 38036, at *3 (6th Cir. July 14, 1987).

The Court concludes that a bill of particulars is unnecessary in this case. The Government indicates that it has provided the Defendant with a video recording of the offense, and appears to confirm the Defendant's apparent understanding that he is charged with an assault that occurred outside a residence on Beck Lane. Under these circumstances, the Court concludes that Defendant Lee's Motion For A Bill Of Particulars (Docket No. 28) should be DENIED.

Through his Motion *In Limine* To Exclude Statements (Docket No. 29), Defendant Lee requests that the Court enforce the proffer agreement he entered into with the Government, and requests notice from the Government before introduction of any statements made pursuant to that agreement. In its Response (Docket No. 43), the Government indicates that it does not intend to present evidence of Defendant's proffer statements during its case-in-chief, but does intend to use the statements in cross examination of the Defendant should he elect to testify. The Motion *In Limine* To Exclude Statements (Docket No. 29) is GRANTED, as follows: the Government shall provide notice prior to the introduction of any statements made by the Defendant during the proffer session so that the admissibility of the statements may be considered outside the presence of the jury.

Defendant Lee's Motion *In Limine* To Exclude Evidence Of Police Beatings At The Humphreys County Jail (Docket No. 32) seeks to exclude any evidence of police beatings of Darren Ring in the Humphreys County Jail on the evening of January 23, 2011. In its Response (Docket No. 44), the Government states that it does not intend to present any evidence of "irrelevant" conduct that occurred inside the Humphreys County Jail on January 23, 2011 following the victim's arrest. The Court GRANTS the Defendant's Motion (Docket No. 32) as follows: the Government shall not introduce any evidence regarding police beatings of Darren

Ring in the Humphreys Count Jail on the evening of January 23, 2011 without first providing notice to the Defendant and the Court so that the admissibility of such evidence may be considered outside the presence of the jury.

Through his Motion For Opening Statements to Be Made to The Entire Venire Of Prospective Jurors Before Voir Dire (Docket No. 33), Defendant Lee requests to make an opening statement prior to voir dire to counter what he describes as the substantial pretrial publicity that has occurred in this case. In its Response (Docket No. 45), the Government opposes the Motion. The Motion is DENIED, as issues relating to pretrial publicity can be adequately addressed through the voir dire process.

Through his Motion To Sever (Docket No. 34), Defendant Lee requests that the Court sever his trial from that of Co-Defendant Hedge because he contends that he needs the testimony of Co-Defendant Hedge to negate the willfulness element of the offense. In its Response, the Government argues that any such testimony of Co-Defendant Hedge will not negate the willfulness element, and contends that Defendant Lee has not presented concrete proof that Co-Defendant Hedge is willing to testify on his behalf in the event of a severance.

The granting of a severance of defendants is appropriate "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants. . ." United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996)(quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)). When a defendant contends that separate trials are necessary for a co-defendant to present exculpatory testimony, he is required to "set forth before the trial judge the substance of the proposed testimony and its exculpatory effect and to demonstrate that the codefendants would in fact testify at a severed trial." Cobleigh, 75 F.3d at

248 (citing United States v. Causey, 834 F.2d 1277, 1287 (6th Cir. 1987)). The Eleventh Circuit requires a defendant to demonstrate: "(1) a bona fide need for the testimony; (2) the substance of the desired testimony; (3) the exculpatory nature and effect of the desired testimony; and (4) that the codefendant would indeed have testified at a separate trial." United States v. Browne, 505 F.3d 1229, 1269 (11th Cir. 2007). Once the defendant makes this showing, the court must then: "(1) examine the significance of the testimony in relation to the defendant's theory of the case; (2) assess the extent of prejudice caused by the absence of the testimony; (3) consider judicial administration and economy; and (4) give weight to the timeliness of the motion." Id.

Defendant Lee's Motion does not set forth the substance of the proposed testimony of Co-Defendant Hedge, nor does he indicate that Co-Defendant Hedge would, in fact, testify at a severed trial. Accordingly, the Motion To Sever (Docket No. 34) is DENIED.

It is so ORDERED.

　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　TODD J. CAMPBELL
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE